RAE W. FREEDMAN AND RAE W. FREEDMAN, EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF SANFORD FREEDMAN, PLAINTIFF-APPELLANT, v. BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 11, 1963—Decided April 4, 1963.

572

Before Judges FOLEY, FREUND and KILKENNY.

*Mr. Barry C. Waldorf* argued the cause for appellant (*Messrs. Hannoch, Weisman, Myers, Stern & Besser,* attorneys; *Mr. Waldorf* on the brief).

*Mr. Herbert S. Alterman,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Alterman* of counsel).

The opinion of the court was delivered by

KILKENNY, J. A. D. Rae W. Freedman, as widow of Sanford Freedman and as executrix of his estate, applied to the Board of Trustees of the Public Employees' Retirement System of New Jersey for the payment of $13,500 in death benefits, claiming that she was entitled thereto under the provisions of *N. J. S. A.* 43:15A–41(c). The Board denied her application on the ground that decedent was not a "member in service" at the time of his death, as required by the aforesaid statute.

Mrs. Freedman then brought an action in the Superior Court, Law Division, against the Board and the Prudential Insurance Company, whose policy insures payment of the

statutory death benefits. On the Board's motion the action was transferred under *R. R.* 1:27D(a) to the Appellate Division and the claim against Prudential was stayed pending our disposition of the matter.

The parties have agreed to the following facts:

"Sanford Freedman entered the employ of the County of Essex on September 1, 1953, as Legal Assistant Prosecutor to the Prosecutor of Pleas of Essex County. He remained actively engaged in his employment in the office of the Prosecutor of the Pleas until March 17, 1959, holding the position of Legal Assistant Prosecutor, and later, that of Assistant Prosecutor.

From and after January 1, 1955, decedent was required by *L.* 1954, *C.* 84, *Section* 6 *et seq.* (now *N. J. S. A.* 43:15A-6 *et seq.*) to make regular contributions of a portion of his base salary to the Public Employees' Retirement System of New Jersey. Pursuant to the provisions of *N. J. S. A.* 43:15A-41, the decedent executed and filed with the Board of Trustees of the Public Employees' Retirement System of New Jersey a written designation nominating the plaintiff as the beneficiary of any non-service connected death benefit to which he might become entitled under the provisions of *N. J. S. A.* 43:15A-41c.

From January 1, 1955, until March 17, 1959, decedent made all payments to the retirement plan which were required of him by statute. For at least the twelve months prior to March 17, 1959, these contributions were computed on the decedent's then salary of $9,000 per year.

On March 17, 1959, decedent, while serving as Assistant Prosecutor, was granted a leave of absence without pay from the Office of the Prosecutor of the Pleas of Essex County. Prior to his being granted a leave of absence, decedent became, on February 16, 1959, a Deputy Attorney General of the State of New Jersey, to prosecute the appeal of a criminal action [*State v. Croland*] which had been under his direction while he was serving as Assistant Prosecutor. He was to be compensated on a fee basis by the County of Essex for his work.

From March, 1959, to December, 1959, the decedent devoted a substantial part of his time and energy to the preparation of the appeal to which he had been assigned by the Attorney General. He received from the County of Essex payments for this work of $250 in July, 1959, and $750 in December, 1959, from which payments no deductions for social security contributions were made.

On March 24, 1959, the then Attorney General of New Jersey wrote to the decedent, approving his leave of absence and informing him that his insurance coverage could not be extended while on leave of absence for a period greater than 93 days, and within 31 days thereafter the coverage could be continued upon an individual basis by arrangement with The Prudential Insurance Company of America.

On January 29, 1960, the decedent died. At the time of his death, he held the office of Deputy Attorney General.

Plaintiff, as the designated beneficiary of the non-service connected death benefit, made timely application to the defendant, Board of Trustees of the Public Employees' Retirement System of New Jersey for that death benefit. The defendant Board of Trustees of the Public Retirement System of New Jersey rejected the plaintiff's application and instead remitted to her the sum of $1,776.23, pursuant to the provisions of N. J. S. A. 43:15A–41c.

This action was thereupon instituted by the plaintiff against the Board of Trustees of the Public Employees' Retirement System of New Jersey for $11,723.77, being the difference between the amount claimed to be due and the amount remitted to the plaintiff. The parties agree that if the plaintiff is entitled to recover, the amount of such recovery is $13,500, the non-contributory insurance benefit. It was also brought against The Prudential Insurance Company of America, whose group life insurance policy with the Board of Trustees of the Public Employees' Retirement System of New Jersey provides the funding of the death benefit for the system."

The record also discloses that decedent wrote to the secretary of the Public Employees' Retirement System on March 23, 1959, stating that he was then on leave of absence and would like to take advantage of any conversion privilege which he might have with respect to group insurance. He requested the necessary application for that purpose. The Attorney General's letter to decedent under date of March 24, 1959, noted above, also advised him that his rate of contribution to the Public Employees' Retirement System was 6.23% and the premium for contributory insurance was .7%, so that his contribution to the Retirement System for the 93 days would be $140.18 and his insurance premium for the same period, during which an employee's insurance coverage could be extended while on leave of absence, would be $15.75. On March 30, 1959 decedent wrote to the secretary of the Retirement System and enclosed his check for $155.93 to cover the aforesaid two items.

I.

The widow's claim to the death benefit is based upon N. J. S. A. 43:15A–41(c) of the "Public Employees' Retire-

ment-Social Security Integration Act," *L*. 1954, *c*. 84, which section provides:

"c. Upon the receipt of proper proof of the death of *a member in service* on account of which no accidental death benefit is payable under section 49 there shall be paid to such person, if living, as he shall have nominated by written designation duly executed and filed with the board of trustees, otherwise to the executor or administrator of the member's estate:

(1) His accumulated deductions at the time of death together with regular interest; and

(2) An amount equal to 1½ times the compensation upon which his contributions are based or received by the member in the last year of creditable service; provided, however, that if such death shall occur on or after July 1, 1956, and after the member shall have attained age 70, the amount payable shall equal 3/16 of the compensation received by the member in the last year of creditable service instead of 1½ times such compensation." (Emphasis added.)

The widow contends that her husband was a "member in service" at the time of his death because he was then performing a service for the State, as a designated Deputy Attorney General, in handling the appeal in the case of *State v. Croland*. She concedes that decedent could not be considered "in service" as assistant prosecutor because he had been on leave of absence without pay from that position for a reason other than illness for more than 93 days. *N. J. S. A.* 43:15A–108(b) provides:

"b. For the purposes of section 41(c) and section 57 of chapter 84 of the public laws of 1954, a member of the Public Employees' Retirement System shall be deemed to be in service for a period of no more than 93 days while on official leave of absence without pay when such leave of absence is due to any reason other than illness."

The position of the Board of Trustees of the Retirement System is that the phrase "in service" in *N. J. S. A.* 43:15A–41(c), not otherwise defined in the act, refers only to regular "employees" of the State, or other governmental agency, to which the Retirement System is available. The Board contends that decedent was not such an "employee" but acted

rather in the manner of an independent contractor, as where an attorney is specially retained to represent a client in a particular matter only, and for a fee, either fixed by the retainer agreement, or to be calculated on the basis of the reasonable value of the services rendered.

As to the designation of decedent as a Deputy Attorney General, the Board of Trustees maintains that this was done solely to evidence his authority to appear on behalf of the State and to satisfy the requirement of *N. J. S. A.* 52:17A–1 *et seq.*, which permits only the Attorney General, his deputies and assistants, to appear on behalf of the State in any matter in which the State has an interest.

We are satisfied that the position of the Board of Trustees is well taken. Decedent was not an employee of the State, and concededly not of the County of Essex, at the time of his death so as to qualify him as a "member in service" of the Retirement System, within the fair meaning of *N. J. S. A.* 43:15A–41(c). He received no salary from the State. His was a special retainer for the limited purpose of representing the State in a single appeal. He was to be paid by the County of Essex on the basis of vouchers submitted for work performed. He had no regular hours of employment and carried out his assignment from his own private law office. He was, because of his special knowledge of the subject matter of the appeal, practically free from all supervision in the manner in which his duty was carried out. In addition, the letters of the Attorney General and decedent demonstrate that there was no intention to create an employer-employee relationship. Decedent realized that he would not be covered by the group life policy after 93 days from the granting of his leave without pay, as evidenced by his request for an application for conversion to individual coverage. His two bills to the county and acceptance of the county's checks, without any deduction therefrom for pension, social security, or withholding tax, further evidence his understanding of the special nature of his contractual relationship.

## II.

■ The Board of Trustees of the Retirement System points out additionally that decedent was not eligible for death benefits because he was not a *public employee* covered by Social Security insurance. *N. J. S. A.* 43:15A–64 provides:

"Any other provision of this act notwithstanding, any member of the retirement system who is not covered under the old-age and survivors insurance provisions of Title II of the Federal Social Security Act *as a public employee*, or his designated beneficiary, shall not be eligible for the death benefit provisions of sections 41, 45(c), 46(c), and 48(d)." (Emphasis added.)

Pursuant to this statute, provision C(1) of the policy between Prudential and the Board of Trustees provides:

"Any person who is not covered under the old-age and survivors insurance provisions of Title II of the Federal Social Security Act *as a public employee* shall not be insured for the non-contributory insurance provided under this policy." (Emphasis added.)

It is clear that decedent was not a "public employee" of either the County of Essex or the State of New Jersey at, and for more than ten months prior to, the time of his death. His last salary check as a public employee was that which he received from the County of Essex under date of March 19, 1959. He was on no public payroll thereafter. The last Social Security deduction from his salary as a public employee was the sum of $3.48 taken from the aforesaid check of March 19, 1959. There were no deductions for Social Security taxes from the $250 or $750 payments received by decedent in July and December of 1959, respectively, on the vouchers submitted by him for his special services in the *State v. Croland* appeal.

Thus, he was not covered under the provisions of Title II of the Federal Social Security Act, 42 *U. S. C. A.* § 401 *et seq.,* "as a public employee" at the time of his death. For

this further reason, decedent's widow is not eligible for the death benefit provided in *N. J. S. A.* 43 :15A–41(c).

Having concluded that decedent was not a "member in service" within the meaning of *N. J. S. A.* 43 :15A–41(c), and that he was not covered under the Federal Social Security Act "as a public employee" at the time of his death, we affirm the action of the Board of Trustees of the Public Employees' Retirement System of New Jersey in rejecting the application for the death benefit in issue.